## McBride, Appellant, *v.* McBride.

*Contracts—Assumpsit—Affidavit of defense—Matters not set up therein—Practice Act of 1915, section 16.*

In an action of assumpsit, for money withheld by defendant from plaintiff, where the defense was one of payment, it is error to admit evidence of a prior loan from the defendant to the plaintiff, where the same was not set up in the affidavit of defense.

Under section 16 of the Practice Act of 1915 neither party will be permitted at the trial to make any defense which is not set forth in the affidavit of defense, or plaintiff's reply, as the case may be.

Argued December 12, 1923. Appeal, No. 326, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1921, No. 6019, on verdict for defendant, in the case of Charles McBride v. Joseph H. McBride. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover money alleged to belong to plaintiff. Before SHOEMAKER, P. J.

The facts are stated in the opinion of the Superior Court.

24, (1924).] Statement of Facts—Opinion of the Court.

The jury rendered a verdict in favor of the defendant and judgment was entered thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and refusal of plaintiff's motion for judgment non obstante veredicto.

*Frederick A. Sobernheimer*, and with him *Harry T. Rotenbury*, for appellant.

*Harry Reiss Axelroth*, for appellee.

Opinion by Gawthrop, J., February 29, 1924:

The suit was in assumpsit. The basis of the claim as alleged in the statement was this: Plaintiff and defendant jointly owned premises 1826 North Twelfth Street, Philadelphia. About September 1, 1920, the property was sold for $3,077.57. Settlement was made and the purchase money was received by defendant and deposited in his account. As the result thereof defendant became indebted to plaintiff for one-half of the proceeds of the sale, or $1,538.78.

The defense set up in the affidavit of defense was payment, it being averred that, by cash payments made by defendant to plaintiff since the sale of the property, and by the collection of moneys by plaintiff for the account of and belonging to defendant, plaintiff had received more than the amount of his claim.

The single question submitted to the jury was whether plaintiff had been paid and that tribunal answered it in the affirmative. From the judgment entered on the verdict, we have this appeal.

But one assignment of error requires our consideration. Counsel for defendant was permitted to prove, over plaintiff's objection, that in 1915 plaintiff borrowed $500 from defendant, and that but $300 of it had been paid. He offered and was permitted to introduce, over objection, the cancelled check for $500. The objection

made to this evidence at the trial and pressed here is that the matter was not set up in the affidavit of defense. Section 16 of the Practice Act of May 14, 1915 (P. L. 486), provides: "Neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense, or plaintiff's reply, as the case may be, except as provided in sections seven and thirteen." Sections seven and thirteen are inapplicable to this case. By no liberality of interpretation can the affidavit of defense be construed to give notice of the transaction of which the check of March 2, 1915, for $500 is evidence. It follows that the admission of this evidence constituted error, requiring us to sustain the third assignment. Nor was the error rendered harmless by the fact that the other evidence offered by the defendant was sufficient, if believed by the jury, to sustain a finding that plaintiff's entire claim had been paid. As conceded by the learned counsel for appellee, the check and the evidence of the transaction of which it was a part, were offered for the purpose of accounting for a slight difference between the amount due plaintiff and the amount which certain evidence tended to prove to have been paid him. Upon the effect of the exclusion of the evidence erroneously admitted, we can only speculate. The other assignments of error are overruled.

The judgment is reversed and a new trial awarded.